UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ERNESTO S. PURUGAN and ISABELITA G. PURUGAN,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE7, ASSET BACKED PASS-THROUGH CERTIFICATES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1 through 100,<br><br>Defendants. | Case No: C 12-5168 SBA<br><br>ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

On October 4, 2012, Plaintiffs Ernesto S. Purugan and Isabelita G. Purugan, through counsel, filed the instant mortgage fraud action in this Court against Mortgage Electronic Registration Systems, Inc. and HSBC Bank USA, among other Defendants. Dkt. 1. Along with their Verified Complaint, Plaintiffs filed a Motion for a Temporary Restraining Order ("TRO") to enjoin the non-judicial foreclosure sale of their home

which is currently scheduled for October 11, 2012.[1] Dkt. 2. According to the Certification of Plaintiffs' counsel, he did not provide notice of the TRO request to any of the Defendants ostensibly because "there would be too little time, even if defendants had notice, to assign defense counsel to oppose the requested relief." Epsha Certificate ¶ 3, Dkt. 4.

Under Federal Rule of Civil Procedure 65, a TRO may be issued without notice to the adverse party or its counsel only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); N.D. Cal. Civ. R. 65-1(b) ("Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."). There are "very few circumstances justifying the issuance of an ex parte TRO." See Reno Air Racing Assoc. Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." Id. Or, notice may not be required where providing "notice to the defendant would render

---

[1] The action was reassigned from Magistrate Judge Elizabeth Laporte to Judge Armstrong on October 5, 2012. Dkt. 8.

fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence. Id.

Plaintiffs have failed to demonstrate good cause to be excused from the notice requirement set forth in Rule 65(b)(1). Their only explanation for not providing notice is that Defendants allegedly would not have sufficient time to assign counsel before the date of the trustee's sale. Epsha Certificate ¶ 3. However, this assertion is entirely speculative and without foundation. Moreover, Plaintiffs have been on notice since October 24, 2011, that their Property was to be sold at a trustee's sale. On that date, a Notice of Trustee's Sale was recorded against the subject property which set a sale date of November 11, 2011. Compl. ¶ 22. Plaintiffs allege that "[t]he sale was postponed numerous times and is now scheduled for October 11, 2012." Id. Yet, despite their longstanding awareness of the impending trustee's sale, Plaintiffs offer no explanation why they waited until only a week before the sale date to seek a TRO without notice. As such, any exigency is of Plaintiffs' own making. See Quach v. Bank of Am., Nat. Ass'n, No. 12-5037 EJD, 2012 WL 4498873, at *4 (N.D. Cal., Sept. 28, 2012) (finding that an ex parte TRO to enjoin a foreclosure sale was not justified where plaintiffs were aware for months of the potential trustee's sale) (Davila, J.); William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 13:95 (The Rutter Group 2010) ("An important factor will be whether the applicant could have sought relief earlier by a motion for preliminary injunction, avoiding the necessity for a last-minute TRO. Delay in seeking relief may be evidence of laches . . . or negate the alleged threat of

'immediate' irreparable injury. . . . The court has discretion to deny the application on either ground").

In sum, Plaintiffs have failed to demonstrate good cause to excuse their failure to provide notice of the instant TRO motion to Defendants. Plaintiffs may renew their motion after they have provided proper notice to Defendants of the Verified Complaint and their motion for a TRO. In addition, before renewing their motion, Plaintiffs must first meet and confer with Defendants in an effort to reach a mutually agreeable postponement of the trustee's sale to facilitate Defendants' ability to submit a brief in response to Plaintiffs' motion. Any renewed motion for a TRO must include a certification that Plaintiffs have complied with the aforementioned meet and confer requirement. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Motion for a TRO is DENIED without prejudice.

2. This Order terminates Docket No. 2.

IT IS SO ORDERED.

Dated: October 10, 2012

SAUNDRA BROWN ARMSTRONG
United States District Judge