MARK D. LONERGAN (State Bar No. 143622)
Email: mdl@severson.com
JASON M. JULIAN (State Bar No. 215342)
Email: jmj@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE7, ASSET BACKED PASS-THROUGH CERTIFICATES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO S. PURUGANAN and ISABELITA G. PURUGANAN,<br><br>Plaintiffs,<br><br>vs.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE7, ASSET BACKED PASS-THROUGH CERTIFICATES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC and DOES 1 through 100, inclusive<br><br>Defendant(s). | Case No.: 4:12-cv-05168-SBA<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; SUPPORTING MEMORANDUM**<br><br>Hearing Date: January 8, 2013<br>Time: 1:00 p.m.<br>Dept.: Ctrm 1, 4th Floor<br>Judge: Hon. Saundra B. Armstrong<br>Complaint Date: October 4, 2012<br>Trial Date: None set |

55000.0451/2475287.1

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on Tuesday, January 8, 2013, at 1:00 P.M., or as soon thereafter as counsel may be heard in Courtroom 1, 4th Floor, of the above-entitled court at 1301 Clay Street, Oakland, California, before the Honorable Saundra B. Armstrong, defendants HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE7, ASSET BACKED PASS-THROUGH CERTIFICATES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("Defendants") will, and hereby do, move to dismiss plaintiffs Ernesto S. Puruganan and Isabelita G. Puruganan's ("Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint fails to state a claim upon which relief may be granted as explained further in the accompanying memorandum of points and authorities.

This motion is based on this motion and notice of motion, the accompanying memorandum of points and authorities, the request for judicial notice, the pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion. Defendants respectfully request an order dismissing the Complaint.

DATED: November 26, 2012

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ _Jason M. Julian_____
　　　　　　Jason M. Julian

Attorneys for Defendants
HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE7, ASSET BACKED PASS-THROUGH CERTIFICATES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE7, ASSET BACKED PASS-THROUGH CERTIFICATES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("Defendants"), hereby move to dismiss plaintiffs Ernesto S. Puruganan and Isabelita G. Puruganan ("Plaintiffs") Complaint for failure to state a claim upon which relief can be granted. Plaintiffs seek to avoid the results of their admitted default on their loan and a subsequent non-judicial foreclosure process pursuant to the written loan agreements which they signed.

## II. THE APPLICABLE LAW AND PERTINENT FACTS

Federal Rule of Civil Procedure 12(b)(6) provides that a pleading may be challenged and dismissed for failing to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to plead facts essential to state a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences are insufficient to defeat a motion to dismiss. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 n.5 (9th Cir. 2005); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Thus, "[a] district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Prods. Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974).

Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). While the Court accepts as

true the well-pleaded facts of a complaint when deciding a motion to dismiss, the Court need not accept as true a conclusory allegation that directly contradicts a judicially noticeable fact. *See, e.g., Sprewell*, 266 F.3d at 988; *Mullis*, 828 F.2d at 1388.

      Plaintiffs own property at 1832 Sunnyvale Avenue, Walnut Creek, California ("Subject Property"). In August 2005 they borrowed $736,000.00 from WMC Mortgage Corp. ("Loan"). (Request for Judicial Notice ("RJN"), Ex. A.) The Loan was secured by a Deed of Trust. (*Ibid.*) In the event of the borrower's default, the Deed of Trust for the Loan gives the lender the right to invoke the power of sale, and authorize the trustee to record a notice of default and sell the Subject Property at public auction to the highest bidder. (*Id.* at p. 11.) Plaintiffs also obtained a home equity line of credit secured by the Subject Property, in the amount of $186,794.00. (RJN, Ex. B.)

      Plaintiffs defaulted on the Loan. A Notice of Default and Election to Sell Under Deed of Trust with respect to the Loan was recorded on May 17, 2011. (RJN, Ex. C.) The Notice of Default informed Plaintiffs that as of May 17, 2011 they were $43,634.20 behind in their monthly payments. (*Ibid.*)

      The Deed of Trust for the Loan was assigned to HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE7, ASSET BACKED PASS-THROUGH CERTIFICATES, and this assignment was recorded by the Contra Costa County Recorder on August 24, 2011 as Instrument Number 2011-0173363. (RJN, Ex. D.)

      Northwest Trustee Services, Inc. was substituted as trustee for the Deed of Trust on the Loan and this substitution was recorded by the Contra Costa County Recorder on October 24, 2011 as Instrument Number 2011-0228559. (RJN, Ex. E.)

      A Notice of Trustee's Sale was recorded with respect to the Loan on October 24, 2011. (RJN, Ex. F.)

55000.0451/2475287.1    -3-

NOTICE OF MOTION, MOTION TO DISMISS COMPLAINT, & MPA

## III. ARGUMENT

### A. Plaintiffs' Wrongful Foreclosure Claim Fails

Plaintiffs' cause of action for wrongful foreclosure is entirely predicated upon a misunderstanding of non-judicial foreclosure procedures and statutory requirements under California law. Specifically, Plaintiffs allege that:

> Either simultaneously with the Closing on Plaintiffs' loan, or shortly thereafter, WMC, the original lender, transferred all beneficial interest in the loan to a private investor when WMC sold Plaintiff's NOTE. This transfer was done without a duly acknowledged instrument recorded in the Contra Costa Recorder's Office as required by the non-judicial foreclosure statute.

(Complaint, ¶29.) This allegation, which runs throughout the Complaint, misstates applicable law and implies that perfectly legal activities are somehow improper.

A note states the borrower's principal obligation. The deed of trust provides security for the borrower's performance of that obligation. Security follows the debt. So a transfer of the note automatically transfers the deed of trust without any separate assignment of the security instrument. (Civ. Code, §§ 1084, 2936; 4 Miller & Starr, Cal. Real Estate (3d ed. 2003) §10:38.) It follows that no assignment of the deed of trust need be recorded for the deed of trust to be transferred effectively with the transfer of the promissory note.

Civil Code section 2932.5 which requires recordation of assignment to change the person holding the power of sale under a mortgage applies only to mortgages, not deeds of trust. *Roque v. Suntrust Mortg., Inc.*, 2010 WL 546896, at *3 (N.D. Cal. 2010) ("Section 2932.5 applies to mortgages, not deeds of trust. It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee."); *Parcay v. Shea Mortg. Inc.*, 2010 WL 1659369, at *11-12 (E.D. Cal. 2010) ; *Stockwell v. Barnum*, 7 Cal.App. 413, 416-417 (1908). An assignment of a deed of trust **may** be recorded, but there is no requirement that it be recorded. (Civ. Code, § 2934.) If such recordation occurs, recordation of the assignment gives constructive notice of its contents. A recorded assignment cannot be attacked as a defective conveyance since it is the transfer of the note, not the assignment of the deed of trust, that transfers the security interest.

Unlike a mortgage, a deed of trust is a three party instrument. The trustor (borrower) conveys title to a trustee who holds title for the benefit of the beneficiary (lender). In most current deeds of trust such as the one at issue in this matter, there is a fourth party: MERS, which acts as nominee beneficiary for the holder of the beneficial interest in the deed of trust.

The trustee holds title, conducts the foreclosure sale, and executes the trustee's deed upon sale. Therefore, there must be a clear chain of recorded instruments showing who is the trustee. The beneficiary may change trustees at any time, but the change is effective only when a properly executed and acknowledged substitution of trustee has been recorded. (Civ. Code, § 2934a(a).) <u>Once recorded, the substitution of trustee is conclusive evidence of the authority of the substituted trustee to act as such.</u> (Civ. Code, § 2934a(d).)

The foregoing is precisely what occurred in this case. The Civil Code sections establish a comprehensive and exclusive set of regulations for the conduct of non-judicial foreclosures. *See, e.g., Moeller v. Lien*, 25 Cal.App.4th 822, 834 (1994) ("The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive."). Civil Code § 2924(a)(1) provides that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the non-judicial foreclosure process by recording and servicing a notice of default. Here, the notice of default was properly filed and served. (RJN, Ex. C.) A person authorized by statute commenced the foreclosure. That is all the Civil Code requires.

The fact that Civil Code Section 2932.5 does not apply to deeds of trust remains the law in California. The *Calvo* court explained that:

> The holding of *Stockwell* has never been reversed or modified in any reported California decision in more than 100 years since the case was decided. The rule that section 2932.5 does not apply to deeds of trust is part of the law of real property in California. After 1908, only the federal courts have addressed the question whether section 2932.5 applied to deeds of trust, and only very recently. Every federal court to consider the question has followed *Stockwell*.
>
> ...
>
> In California, over the course of the past century, deeds of trust have largely replaced mortgages as the primary real property security device. Thus, section 2932.5 (and its predecessor, section

858) became practically obsolete and were generally ignored by
borrowers, creditors, and the California Courts.

(*Calvo v. HSBC Bank* (2011) 199 Cal.App.4th 118, 123-24 (internal citations omitted).) Thus, the *Calvo* Court concluded that an authorized agent may invoke the power of sale in a deed of trust. (*Ibid.*) Here, the authorized agent properly initiated the foreclosure and the designated trustee properly invoked the power of sale. There is nothing more to be done.

### B. Plaintiffs' Quiet Title Claim Fails

The first and most obvious defect of the quiet title claim is the missing averment of tender or even the promise of tender of the amounts Plaintiffs admit they borrowed. A trustor cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (citation omitted).

"A challenge to the validity of the trustee's sale is an attempt to have the sale set aside and to have the title restored. The action is in equity, and a trustor seeking to set the sale aside is required to do equity before the court will exercise its equitable powers. Therefore, as a condition precedent to an action by the trustor to set aside the trustee's sale ... the trustor must pay, or offer to pay, the secured debt .... Without an allegation of such a tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action." 4 Miller & Starr (3d ed. 2003) Cal. Real Estate, § 10:212, pp. 686-87 (fns. omitted).

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. Am. Sav. & Loan Ass'n,* 15 Cal.App.3d 112, 117 (1971) (citations omitted). "[A]n action to set aside the sale, unaccompanied by an offer to redeem, would *not* state a cause of action which a court of equity would recognize." *Copsey v. Sacramento Bank*, 133 Cal. 659, 662 (1901); *Leonard v. Bank of America etc. Ass'n,* 16 Cal.App.2d 341, 344 (1936).

Plaintiffs disclaim the well-established tender rule in their wrongful foreclosure claim, averring that the purported invalid transfer voids the impending sale. Plaintiffs cannot evade the tender rule so easily. Their challenges to the debt are based upon erroneous legal theories

regarding non-judicial foreclosure. Thus, the sale will not be void, as would be required to avoid tender.

Simply stated, Plaintiffs cannot re-acquire good title to the property without paying or tendering what they borrowed against the property. Plaintiffs ask for relief in equity, but do not offer to do equity themselves. Instead, they want a windfall: the Subject Property, free of liens, while they also retain, without any obligation to repay, the loan proceeds they received. California law does not countenance such an inequitable claim, as the above-cited authorities make clear.

### C. Plaintiffs' Fraud Claim Fails

Plaintiffs' fraud claim is predicated upon a legal duty that does not exist. The Complaint avers that "Defendants failed to disclose to Plaintiffs that their economic interests were adverse to those of Plaintiffs and that Defendants expected to profit when Plaintiffs found it impossible to perform and defaulted on their mortgage." (Complaint, ¶47.) This assumes a non-existent fiduciary duty on the part of a lender. "The relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1093 n.1 (1991). "[B]etween a bank and its loan customers" there is no fiduciary relationship. *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989); *see also Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 981 (1993) (same). "A debt is not a trust and there is not a fiduciary duty relation between debtor and creditor as such." *Downey v. Humphreys*, 102 Cal.App.2d 323, 332 (1951). Because a lender is not a borrower's fiduciary, it has no duty to determine whether a borrower should take a loan. That responsibility rests squarely with the borrower.

Under California law a fraud cause of action must allege justifiable reliance. *Buckland v. Threshold Enters., Ltd.*, 155 Cal.App.4th 798, 806-07 (2007). Here, Plaintiffs appear to have expected their lender to be their financial advisor and to know what they could pay. This is nonsense. Plaintiffs knew what they could afford to pay better than anyone else, Defendants included. Or, if they did not, they certainly could have ascertained that fact with minimal effort. "[W]hen plaintiff could have ascertained the truth through the exercise of reasonable diligence,"

he or she cannot establish reasonable reliance, a prerequisite to an actionable fraud claim. *Brookwood v. Bank of America*, 45 Cal.App.4th 1667, 1674 (citations omitted) (1996).

In addition to the foregoing, Plaintiffs' fraud claims <u>relating to loan origination</u> are untimely. Plaintiffs should have discovered that the Loan was problematic in or around August of 2005, when the Loan was made. However, Plaintiffs did not file this complaint until October 4, 2012, well over seven (7) years after the Loan was made. California Code of Civil Procedure section 338(d) provides for a three-year statute of limitation for any "action for relief on the ground of fraud or mistake." Plaintiff's B&P § 17200 claim is also time-barred by its four-year statute, which runs four years from the accrual of such action. (Bus. & Prof. Code, § 17208.)

To the extent that Plaintiffs claim that time-periods were tolled by principles of equity, this argument must fail because all of the claims rely on alleged "misrepresentations" that, as Plaintiffs freely admit, were clearly stated on the loan documentation. The claims regarding alleged non-disclosures of general entity policies or actions are nonsensical, as lending organizations have no duty to lenders to advise them of lenders' business plans or practices. Plaintiffs cannot argue that the statute of limitations should be tolled because they failed to read their own loan documentation, or alleged non-disclosure of business practices which they had no right to knowledge of. As to all claims based on fraud, misrepresentation, mistake, or other similar grounds, Plaintiff has not provided any grounds to believe the actions were concealed by Defendants or for any other reason should be tolled.

Accordingly, all of Plaintiffs' Fraud claims relating to the Loan's origination are time-barred and should be dismissed, having expired sometime in August of 2008 (three years).

### D. Plaintiffs' Cancelation of Instruments Claim Fails

Plaintiffs' cancellation of instruments claim is predicated on allegations of document invalidity. The only instrument that Plaintiffs' Complaint alleges was invalid is the Assignment and all subsequent documents are purportedly invalid based on the alleged invalidity of the Assignment). The basis for the purported invalidity are bare conclusions that WTC did not exist in 2011. As discussed above, there are no factual allegations supporting this conclusion. Thus, these claims fare no better when labeled cancellation of instruments.

### E. Plaintiffs' Violation of Bus. & Profs. Code, Section 1700, *et seq.* Claim Fails

Because Plaintiffs have not stated any viable underlying claim against Defendants, their UCL claim fails as well. *Krantz v. BT Visual Images*, L.L.C, 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action).) In addition to the foregoing, Plaintiffs' cause of action for violation California's Business and Professions Code § 17200 ("UCL") fails to establish any prohibited practice or unfair competition. Rather, Plaintiffs merely reference their other causes of action. Plaintiffs' allegations show that Defendants simply acted as mortgage lender, and acted to enforce their contractual rights upon Plaintiffs' admitted default. These allegations cannot support a UCL claim.

A complaint fails to state a viable claim under the UCL for an unlawful business practice unless it alleges facts sufficient to establish that the challenged business practice violated some law other than the UCL. *Krantz*, 89 Cal.App.4th at 178 (the viability of a UCL claim stands or falls with the antecedent substantive causes of action); *People v. Duz-Mor Diagnostic Lab., Inc.*, 68 Cal.App.4th 654, 673 (1998) (a defense to the underlying offense is a defense under the UCL). The UCL does not confer on the courts "a general license to review the fairness of contracts." *Samura v. Kaiser Found. Health Plan*, 17 Cal.App.4th 1284, 1299 & n.6 (1993). Even if a violation is found, damages are not recoverable under the UCL. Cal. Bus. & Prof. Code, § 17203; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144 (2003) ("[a] UCL action is equitable in nature; damages cannot be recovered"); *Madrid v. Perot Sys. Corp.*, 130 Cal.App.4th 440, 452 (2005).

Plaintiffs' claims under the "unfair" prong fail because all applicable law was fully complied with. "Courts may not simply impose their own notions of the day as to what is fair or unfair . . . . When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 182 (1999). "A business practice that might otherwise be considered unfair or deceptive cannot be the basis of a section 17200 cause of action if the

conduct has been deemed lawful." *Byars v. SCME Mortg. Bankers, Inc.*, 109 Cal.App.4th 1134, 1148 (2003).

With respect to the Loan's origination, the remaining UCL claim is also time-barred. Plaintiffs could or should have discovered that the Loan was problematic in or around August 2005, when the Loan was made. (RJN, Ex. A.) As noted above, Plaintiffs did not file their Complaint until October 13, 2011, well over seven (7) years after the Loan was made. Plaintiffs' B&P § 17200 claim is time-barred by its four-year statute, which runs four years from the accrual of such action. (Bus. & Prof. Code, § 17208.)

### F. Plaintiffs' Unjust Enrichment Claim Fails

The unjust enrichment claim fails as pled. Plaintiffs simply claim that Defendants have acted or will act according to their rights under the loan agreements. The only factual allegation is the bare conclusion that the Assignment was invalid. This allegation does not amount to an unjust enrichment claim because Plaintiffs do not plead the proper components of an unjust enrichment claim. The elements of an unjust enrichment claim are the receipt of a benefit and the unjust retention of the benefit at the expense of another. *Lectrocryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000). Here, Plaintiffs obtained a mortgage loan. Thus, they received the benefit of the bargain. The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefore. *Marina Tenants Assn. v. Deauxville Marina Development Co.*, 181 Cal.App.3d 122, 134 (1986).

Further, unjust enrichment is not a separate cause of action. "[T]here is no cause of action in California for unjust enrichment. 'The phrase 'unjust enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.' Unjust enrichment is 'a general principle, underlying various legal doctrines and remedies,' rather than a remedy itself. It is synonymous with restitution." *McBride v. Boughton*, 123 Cal.App.4th 379, 387 (2004); *Melchior v. New Line Prods., Inc.*, 106 Cal.App.4th 779, 793 (2003), *citing Lauriedale Assoc., Ltd. v. Wilson*, 7 Cal.App.4th 1439, 1448 (1992); *Dinosaur Dev., Inc. v. White*, 216 Cal.App.3d 1310, 1315 (1989). Because none of Plaintiffs

asserted causes of action can state a viable claim against Defendants, Plaintiffs have no claim for unjust enrichment/restitution against Defendants.

### G. Plaintiffs' Slander of Title Claim Fails

Plaintiffs have no viable slander of title action for two reasons. First, recordation of a notice of default and a notice of sale are absolutely privileged acts on which no tort claim of any sort, other than malicious prosecution, may be based. California Civil Code section 2924(d)(1) provides that "[t]he mailing, publication, and delivery of notices as required by this section" "constitute privileged communications pursuant to Section 47." Notice of sale and default are required by section 2924(a)(1) and (3); hence, giving those notices is privileged conduct under Civil Code section 47. Reinforcing that conclusion, Civil Code § 2924(d)(2) provides that "[p]erformance of the procedures set forth in this article" also "constitute privileged communications pursuant to Section 47." Civil Code § 47's privilege "bars all tort causes of action except malicious prosecution." *Jacob B. v. County of Shasta*, 40 Cal.4th 948, 960 (2007). In particular, the privilege bars a slander of title claim based on the recordation of the privileged document. *Albertson v. Raboff*, 46 Cal.2d 375, 378-81 (1956). Under Civil Code § 2924(d), the act on which the Plaintiff bases her slander of title claim is privileged under § 47. Plaintiff alleges no facts raising any inference of malice. Accordingly, the slander of title cause of action states no claim on which relief may be granted.

Second, the slander of title claim cannot succeed because tender of the amount owed is a condition precedent to any claim of wrongful foreclosure or any claim challenging the regularity of a foreclosure procedure, such as recording the notice of default or sale, or the validity of a foreclosure sale. As noted above, the tender rule is strictly applied. *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). It precludes Plaintiffs' slander of title claim, just as it bars their quiet title claim. Neither alleges tender; as a result, neither states a claim on which relief may be granted.

### H. Plaintiffs' Violation of CA. Civ. Code Section 2932.5 Claim Fails

This purported cause of action is merely a relabeled regurgitation of the Wrongful Foreclosure claim addressed in Section A. above. Those allegations fare no better when simply relabeled as statutory claims.

### IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that Plaintiffs' Complaint against them be dismissed, and given the circumstances, dismissed with prejudice. While leave to amend is usually freely granted, it need not be when it is plain that the complaint is without merit for reasons that cannot be cured by amendment. *See, e.g., Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005) (complaint may be dismissed with prejudice if it is clear that it cannot be saved by any amendment). Such is the case here. The baseless nature of the Plaintiffs' claims cannot be cured by any amendment.

DATED: November 26, 2012

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ Jason M. Julian_____
JASON M. JULIAN

Attorneys for Defendants
HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2005-HE7, ASSET BACKED PASS-THROUGH CERTIFICATES; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.